IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA BEASLEY                                                                                          PLAINTIFF

vs.                                         Civil No. 4:10-cv-04105

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Linda Beasley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Social Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on April 25, 2008. (Tr. 10, 119-128). Plaintiff alleged she was disabled due to several different impairments, including diabetes, heart problems, back problems, breathing problems, right leg problems, and right heel pain. (Tr. 140). Plaintiff alleged an onset date of December 28, 2007. (Tr. 140). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 51-57, 66-69). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 64-65).

Plaintiff's administrative hearing was held on September 22, 2009 in Texarkana, Arkansas. (Tr. 19-46). Plaintiff was present and was represented by attorney Greg Giles, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Don Mark, and Medical Experts ("ME") Dr. James Lazarus and Dr. Sterling Emory Moore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education. (Tr. 43).

On October 21, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-16). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 28, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus and hypertension. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-15, Finding 5). First, the ALJ stated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the ability to lift and carry 20 pounds occasionally and 10

pounds frequently; stand and walk with normal breaks for a total of two to four hours in an eight-hour workday; and sit with normal breaks for a total of eight hours in an eight-hour workday; but the inability to climb ladders, ropes, or scaffolds. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). The ALJ determined Plaintiff's PRW included work as a driver/painter in manufacturing speakers. (Tr. 15). Based upon her RFC, the ALJ determined Plaintiff would be able to perform this PRW. *Id.* Based upon these findings, the ALJ determined Plaintiff had not been under a disability as defined by the Act from December 28, 2007 through the date of the ALJ's decision. (Tr. 16, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 23, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10 at 6-18. Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff's impairments met or equaled a Listing, (2) in evaluating her RFC; (3) in evaluating her subjective complaints; and (4) by failing to ask a proper hypothetical to the VE. In response, the Defendant argues the ALJ did not err in any of his findings. (Tr. 11). Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address this issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. As an initial matter, the ALJ did not even state the *Polaski* factors. (Tr. 13-15). Although such a recitation is not required, it is the "preferred" practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Further, the ALJ did not analyze the *Polaski* factors or note any consistencies as required by *Polaski*.

Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely focused upon Plaintiff's medical records and noted that her subjective complaints were not supported by her medical records.

(Tr. 14). The ALJ also stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 14). By discounting Plaintiff's subjective complaints merely because they were not supported by the medical evidence, the ALJ failed to comply with the requirements of *Polaski*. Thus, this case must be reversed and remanded.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This Court reverses and remands this case only for the purpose of allowing the ALJ to fully consider the *Polaski* factors and supply valid reasons for discounting Plaintiff's subjective complaints. This Order should not be interpreted as requiring that Plaintiff be awarded disability benefits.